UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>R. CHAD PRICE,<br>    Defendant. | CRIMINAL NO. 5:20-24-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant R. Chad Price's Motion for Self Employment (while on home confinement), FSA credits to be applied, and/or Sentence Reduction (R. 201). For the following reasons, the Court must deny the motion.

Price pleaded guilty to conspiring to commit an offense against the United States and tax evasion. By judgment dated September 21, 2021, the Court sentenced him to 18 months of incarceration (R. 149, Judgment.)

Price and his former wife have submitted letters in support of the motion. From these two letters, the motion, and discussions with the United States Probation Office, the Court understands that the Bureau of Prisons (BOP) placed Price at Dismas Charity, a residential reentry center (RRC). The Dismas Charity or the BOP then confined Price to his home. He, nevertheless, remains in the custody of the BOP. *See United States v. Lemoine*, 546 F.3d 1042, 1046, n.2 (9th Cir. 2008) ("Although RRCs are independently operated, Lemoine remains in federal custody and subject to the BOP's authority.")

According to the BOP website, it contracts with RRCs to "help inmates gradually rebuild their ties to the community and facilitate supervising ex-offenders' activities during this readjustment phase." https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp. RRCs "provide assistance to inmates who are nearing release. RRCs provide a safe, structured, supervised environment, as well as employment counseling, job placement, financial management assistance, and other programs and services." *Id.*

Price states that he has owned a small business called Custom Bushhogging/Mowing since 2007 and that the company has a client base of more than 250 clients. He states he could work 13-14 hours a day, seven days a week for this company until winter weather conditions. He complains that Dismas Charity will not permit him to operate the company. Instead, it is requiring that he find employment as an employee of another company that is located in the area. He states that there are no such jobs in the area.

The Court understands that all RRCs have a rule requiring that a defendant leaving confinement for employment purposes must be working for an employer other than himself. This makes sense because it would be difficult for the RRC to confirm when and if a defendant were actually working if he has no supervisor. In Price's case, however, according to the record before this Court, he does have a functioning business that will suffer if he is not permitted to operate it while serving the remainder of his sentence. Further, based on the record before it, the Court has no reason to find that Price would pose a danger to the community or a flight risk if permitted to operate his company. The BOP appears to have made the same determination by placing Price on home confinement. It would seem that having a functioning business to return to upon release from custody would facilitate Price's reentry into society.

Unfortunately, however, this Court's authority to offer Price any relief in this situation is limited. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). To the extent that Price argues that the conditions of his confinement are unconstitutional and can be remedied only by his release from custody, he may pursue a habeas claim in federal court under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) ("To the extent petitioners argue the alleged unconstitutional conditions of their confinement can be remedied only by release, 28 U.S.C. § 2241 conferred upon the district court jurisdiction to consider the petition."); *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) ("The district court correctly concluded that Smith's pandemic-related constitutional claim was cognizable under § 2241 because he sought release from confinement and claimed that no other set of conditions would remedy the alleged violation.") Relief under § 2241 can be granted only if the petitioner demonstrates he is confined "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

To the extent that Price instead seeks a remedy other than release from custody, i.e., a court order requiring the BOP to permit him to operate his company while in custody, he could pursue a civil rights claim in federal court under 42 U.S.C. § 1983. *See Martin v. Overton*, 391 F.3d 710, 713–14 (6th Cir. 2004) (concluding that a petitioner's § 2241 petition seeking a transfer to a different facility for medical treatment should have been brought in an action under 42 U.S.C. § 1983). Relief under § 1983 is available only if the plaintiff demonstrates the deprivation of a right secured by the Constitution or federal law. 42 U.S.C. § 1983.

Before this Court could exercise jurisdiction over either a § 2241 or §1983 claim, however, Price must first exhaust the administrative remedies provided by the BOP's grievance procedure.

*See* 42 U.S.C. § 1997e(a) (requiring that prisoners exhaust BOP remedies before filing a §1983 action); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) ("Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241.")

The same is true with regard to Price's request that the Court order the BOP to apply certain credits to his sentence. (R. 201, Motion at 14.) He asserts that, if the credits are calculated correctly, he may be eligible for immediate release. Price must make his request to alter the calculation of his sentence first to the BOP. If he is dissatisfied with the outcome after exhausting his administrative remedies with the BOP, he may pursue a claim in federal court under 28 U.S.C. § 2241.

Finally, Price asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(a), which provides for what has been called "compassionate release." The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.A. § 3582(c)(1)(A)(i).

Price has not presented evidence of any extraordinary and compelling circumstances that warrant his release from custody. The Court is mindful of the economic hardship that Price and his family face if he is unable to work, but this is a hardship placed on all inmates who earned an income prior to incarceration. The Court sentenced Price to 18 months of incarceration. He has been permitted to serve a portion of that time at his home. The Court is unable to find extraordinary and compelling circumstances that would justify further relief.

For all these reasons, the Court hereby ORDERS that Price's Motion for Self Employment (while on home confinement), FSA credits to be applied, and/or Sentence Reduction (R. 201) is DENIED.

This 8th day of August, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY